## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MELANIE C. TUNSTALL | )    NO.: 8:05CV564 |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    **COMPLAINT FOR** |
| | )    **DAMAGES AND** |
| | )    **REQUEST FOR** |
| THE CITY OF OMAHA, NEBRASKA; | )    **JURY TRIAL** |
| | ) |
| CHRISTOPHER HALLGREN, in his | ) |
| Capacity as a police officer employed by the | ) |
| City of Omaha and as an individual, | ) |
| | ) |
| UNKNOWN SUPERVISORY POLICE | ) |
| OFFICERS, in their capacities as supervising | ) |
| Police officers for the City of Omaha, and as | ) |
| Individuals. | ) |
| | ) |
| Defendants. | ) |

### INTRODUCTION

This is a civil action seeking damages against the Defendants for

committing acts, under color of law, which deprived Plaintiff of rights secured

under the Constitution and laws of the United States.

### I.  PARTIES

1. Plaintiff, Melanie C. Tunstall, is, and at all times mentioned was, a resident

   of the City of Omaha, Douglas County, State of Nebraska.

2. Defendant, the City of Omaha, is a municipal corporation, organized under

   the laws of the State of Nebraska.

3. Defendant, Officer Christopher Hallgren, badge number 1765 is, and at all

   times mentioned was, a resident of the city of Omaha, Douglas County,

Nebraska. At all times relevant to this action, Defendant Christopher
Hallgren was a duly appointed and acting police officer employed by the
City of Omaha Police Department. As such, Defendant Christopher Hallgren
was a duly appointed agent authorized to enforce the laws of the City of
Omaha and the State of Nebraska and was so acting under color of the law at
all times relevant to this action.

4. Defendants, Unknown Supervisory Police Officers, are police officers who,
at all times material hereto, were duly appointed employees of the Defendant
City of Omaha and were appointed employees of the Defendant City of
Omaha and were acting in both their individual and official capacities. These
Unknown officers failed, refused, or were deliberately indifferent to the duty
to adequately train, supervise and discipline police personnel – including
Defendant Christopher Hallgren who is responsible for assaulting and
intentionally, knowingly, willfully and wantonly applying excessive force
upon the Plaintiff's person without just cause.

5. Plaintiff sues each and all Unknown Supervisory Police Officers in both
their individual and official capacities.

6. At all times material to this Complaint, the Unknown Supervisory Police
Officers acted under the color of law, statutes, customs, and policies of the
City of Omaha, Nebraska.

2

## III. JURISDICTION

1. This Court has personal and subject matter jurisdiction over Plaintiff's civil
   rights claims brought under 42 U.S.C. § 1983 pursuant to 28 U.S.C.
   § § 1343 and 1331.

2. This Court has discretion to exercise pendent jurisdiction over Plaintiff's
   claims brought under Nebraska law and specifically under the Political
   Subdivision Tort Claims Act because all the claims brought by Plaintiff
   derived from a common nucleus of operative fact and should be tried in one
   judicial proceeding.

3. Venue is proper as the acts complained of in this Complaint occurred in
   Douglas County, Nebraska and the Defendants are residents of Douglas
   County, Nebraska.

## III. STATEMENT OF FACTS

1. On or about December 24, 2004 at approximately 5:15 P.M. Defendant police
   officer Christopher Hallgren issued a parking citation to a vehicle parked near
   or in front of the residence located at 3217 California Street in the city of
   Omaha, Douglas County, Nebraska.

2. The vehicle which received the parking ticket citation belonged to the
   Plaintiff, Melanie C. Tunstall, who was inside the residence at 3217 California
   Street in the city of Omaha, Douglas County, Nebraska.

3. Defendant Christopher Hallgren was wearing the standard uniform of a City
   of Omaha Police Officer at all times relevant hereto.

3

4.  Defendant Christopher Hallgren issued Plaintiff a parking ticket for a violation of parking in a marked handicapped-parking space.

5.  Inside the residence, the Plaintiff was notified of the ticket, left the residence and approached Defendant Hallgren to discuss the parking ticket.

6.  Defendant Hallgren ordered Plaintiff to move her vehicle.

7.  Plaintiff advised Defendant Hallgren that she had been unaware of the handicapped parking sign as it was new to the area and that she was not a resident, and asked the Defendant to discard the ticket on account that it was Christmas Eve.

8.  Defendant Hallgren refused to discard the ticket and threatened to issue another ticket if the subject vehicle was not moved by the time he circled the neighborhood block.

9.  Plaintiff returned inside the residence and reappeared in the front door alcove with her car keys.

10. Defendant Hallgren, followed Plaintiff to the residence's front door and waited for her to exit, positioning himself at the foot of the stairs leading to the front door's alcove.

11. When Plaintiff emerged from the residence with her car keys, a visibly angered Defendant Hallgren violently pulled Plaintiff down the stairs causing her to fall.

12. As Plaintiff lay in the dirt and screaming in pain, Defendant Hallgren screamed and yelled commands at the Defendant to be quite and "shut up."

4

13. Defendant Hallgren punched, kicked, and maced Plaintiff as she screamed for help and mercy and as she yelled at the witnesses to call the police.

14. Defendant Hallgren continued to assault and use unjustified violence against Plaintiff and called for police assistance.

15. A number of citizens witness this brutal beating including the Plaintiff's young child.

16. Plaintiff was taken to the hospital where she was diagnosed with a broken ankle which occurred when she was pulled down the stairs by Defendant Hallgren.

17. Plaintiff was also treated for scraps and damages to her eyes and mucus membranes caused by Defendant Hallgren's mace.

18. At all times relevant Plaintiff was not armed with any weapon.

19. During the confrontation, Defendant Hallgren under the color of law deliberately, intentionally and knowingly assaulted Plaintiff, used excessive force against Plaintiff and placed Plaintiff in fear of immediate physical injury and harm.

20. Defendant Hallgren was the only Omaha Police Officer present at the time of the assault.

21. As a direct and proximate cause of Defendant Hallgren's actions, Plaintiff has suffered and continues to suffer numerous painful and continuing injuries requiring medical treatment and further causing emotional distress, embarrassment, pain, anguish, anxiety, indignity, humiliation, mental

5

suffering, and substantial medical expenses the total of which was not been calculated.

22. Defendants, the City of Omaha and Unknown Supervisory Officers are responsible for making policy for the City of Omaha concerning the issuance of parking tickets, communication with citizens, arrest of citizens and the use of force, including the use of mace.

23. Defendant Hallgren was acting under direction, supervision, and control of, and pursuant to policy, custom, regulations, or guidelines of the City of Omaha as established by the Unknown Supervisory Officers and the for the City of Omaha and as an employee of the City of Omaha.

24. Acting under the color of law and pursuant to official policy, practice or custom and/or de facto policy or custom, Defendants City of Omaha and Unknown Supervisory Officers intentionally, knowingly, or with deliberate indifference to the rights of citizens found within the City of Omaha, failed to instruct, supervise, control and discipline on a continuing basis police officers in the exercise of their police function, including the Defendant Christopher Hallgren referenced in this Complaint, in his duties to (1) refrain from unlawfully using unreasonable and excessive force before, during, or after an arrest; (2) protect the personal security of citizens within the City of Omaha, whether or not suspected of crime; (3) refrain from conspiring to violate the rights, privileges and immunities guaranteed to the Plaintiff by the Constitution and laws of the United States of America and State of Nebraska.

6

25. Specifically, Defendants City of Omaha and Unknown Supervisory Officers, intentionally, knowingly, or with deliberate indifference to the rights of persons detained or arrested, failed to adequately instruct and supervise Omaha Police Officers concerning the relevant Constitutional standards pertaining to the use of force in law-enforcement, particularly the illegal and unconstitutional use of unjustified and excessive force in law-enforcement.

26. Defendants City of Omaha and Unknown Supervisory Officers, intentionally, knowingly or with deliberate indifference to the rights of the persons detained or arrested, failed to establish specific policies or guidelines concerning the use of force when issuing a parking ticket or effecting a detention or arrest.

27. Defendants City of Omaha and Unknown Supervisory Officers, intentionally, knowingly or with deliberate indifference further failed to adequately instruct and supervise Omaha police officers concerning the relevant Constitutional standards concerning the protection of the citizens' personal security, well-being, and physical safety in the course of their duties, especially those concerning the issuing parking tickets, detention of suspects, interrogation of citizens, and arrest of suspects.

28. Defendants City of Omaha and Unknown Supervisory Officers directly or indirectly under the color of law, by and pursuant to the execution of official policy, practice or custom and/or de facto policy or custom, approved or ratified the unlawful deliberate, reckless and willful wanton conduct of Defendant Christopher Hallgren heretofore described, and thereby proximately caused Plaintiff's injuries and Constitutional deprivations.

7

29. The final claim being made herein, Assault & Battery, is pursuant to the Political Subdivision Tort Claims Act. That Plaintiff has fulfilled every condition precedent to the filing this lawsuit. On March 3, 2005, the City received a formal written demand and notice of claim filed by the Plaintiff. (See Attached Exhibit "A") Over six (6) months have elapse without the City making an offer or settling this claim. Accordingly, pursuant to the Political Subdivision Tort Claims Act, the Plaintiff exercised his right to withdraw the claim from the City. This written withdrawal of claim from the city was tendered on December 23, 2005 and is attached hereto and marked as Exhibit 'B."

## IV. FIRST CAUSE OF ACTION – EXCESSIVE FORCE
## 42 U.S.C. § 1983

1. Plaintiff restates and realleges the allegations contained in sections I-III and hereby incorporates them as though fully set forth herein.

2. The force inflicted upon the Plaintiff by Defendant Hallgren was excessive, unreasonable, and beyond that reasonably necessary to effectuate a legitimate police action.

3. As a direct and proximate result of the above-described illegal actions of Defendant Hallgren including his unjustified and excessive and unnecessary use of force, Plaintiff sustained severe physical injury, causing Plaintiff great pain of body and anguish of mind, incurred substantial medical and other expenses, and was prevented from transacting her usual business.

4. By their actions taken under the color of law, and as a direct and/or proximate cause thereof, Defendants, and each of them intentionally, willfully or with wanton recklessness subjected Plaintiff to the deprivation of her clearly established statutory and Constitutional rights privileges and immunities guaranteed her by the Constitution of the United States of America; including but not limited to, the right to be free from assault and battery, as guaranteed by the Fourth Amendment or the Constitution of the United States of America; and to substantive due process, to her fundamental liberty interest in personal security, and to be free from assault and battery and bodily injury, as guaranteed by the Fourteenth Amendment of the Constitution of the United States.

5. Defendants each of them, individually and in their official capacity, are liable to Plaintiff, Melanie C. Tunstall, for damages both general and specific, and for punitive damages under 42 U.S.C. § 1983.

## V. SECOND CAUSE OF ACTION – STATE CREATED DANGER
## 42 U.S.C. § 1983

1. Plaintiff restates and realleges the allegations contained in sections I-III and hereby incorporates them as though fully set forth herein.

2. By their actions and means chosen to confront and/or arrest Plaintiff, Defendant Hallgren, acted in willful disregard for Plaintiff's safety and used their authority to create a dangerous situation making Plaintiff more vulnerable to harm than was reasonable under the circumstances and which resulted from his intervention.

3.  Plaintiff's injuries were foreseeable and a direct result of the danger created by the manner in which Defendant Hallgren confronted and physically handled her.

4.  By their actions taken under the color of law, and as a direct and/or proximate cause thereof, Defendants, and each of them intentionally, willfully or with wanton recklessness subjected Plaintiff to the deprivation of her clearly established statutory and Constitutional rights privileges and immunities guaranteed her by the Constitution of the United States of America; including but not limited to, the right to be free from assault and battery, as guaranteed by the Fourth Amendment of the Constitution of the United States of America; and to substantive due process, to her fundamental liberty interest in personal security, and to be free from assault and battery and bodily injury, as guaranteed by the Fourteenth Amendment of the Constitution of the United States.

5.  Defendants each of them, individually and in their official capacity, are liable to Plaintiff, Melanie C. Tunstall, for damages both general and specific, and for punitive damages under 42 U.S.C. § 1983.

## VI. THIRD CAUSE OF ACTION – ARBITRARY ABUSE OF POWER
## 42 U.S.C. § 1983

1.  Plaintiff restates and realleges the allegations contained in sections I-III and hereby incorporates them as though fully set forth herein.

2. By their actions, the Defendants, and each of them, arbitrarily abused the police power through gross or culpable negligence in the following particulars:

   a. By failing to establish and/or follow sufficiently specific guidelines concerning the use of force;

   b. By failing to establish and/or follow sufficiently specific guidelines concerning the proper means of issuing parking citations;

   c. By failing to establish and/or follow sufficiently specific guidelines concerning the proper means of communicating with the public;

   d. By failing to establish and/or follow sufficiently specific guidelines concerning the use of mace;

   e. By failing to establish and/or follow sufficiently specific guidelines concerning how to care for injured citizens;

   f. By using excessive force under circumstances in which it was not necessary to the accomplishment of any legitimate law-enforcement purpose;

   g. By failing to direct full and complete treatment of the injuries caused by their unlawful assault and battery and their unlawful use of force or to compensate Plaintiff for her injuries.

3. By their actions taken under the color of law, and as a direct and/or proximate cause thereof, Defendants, and each of them intentionally, willfully or with wanton recklessness subjected Plaintiff to the deprivation of her clearly established statutory and Constitutional rights privileges and immunities guaranteed her by the Constitution of the United States of America; including

11

but not limited to, the right to be free from assault and battery, as guaranteed by the Fourth Amendment of the Constitution of the United States of America; and to substantive due process, to her fundamental liberty interest in personal security, and to be free from assault and battery and bodily injury, as guaranteed by the Fourteenth Amendment of the Constitution of the United States.

4. Defendants each of them, individually and in their official capacity, are liable to Plaintiff, Melanie C. Tunstall, for damages both general and specific, and for punitive damages under 42 U.S.C. § 1983.

### VII.  FOURTH CAUSE OF ACTION – FAILURE TO TRAIN 42 U.S.C. § 1983

1. Plaintiff restates and realleges the allegations contained in sections I-III and hereby incorporates them as though fully set forth herein.

2. By their action and inactions with respect to training, supervision and discipline of officers effecting arrests, issuing parking tickets, and communicating with the public, Defendants acted knowingly and with deliberate indifference to the rights of Plaintiff.

3. Defendants and each of them, individually and in their official capacity, are liable to Plaintiff, Melanie C. Tunstall, for damages both general and specific, and for punitive damages pursuant to 42 U.S.C. § 1983.

## VIII.  FIFTH CAUSE OF ACTION – WRONGFUL CONFINEMENT
### 42 U.S.C. § 1983

1.  Plaintiff restates and realleges the allegations contained in sections I-III and hereby incorporates them as though fully set forth herein.

2.  Defendant Hallgren knowingly and intentionally abused his police power and engaged in conduct shocking to the conscience by severely beating, making and dehumanizing Plaintiff. Further, the arrest which following the beating was unjustified and illegal.  Defendant was forced into confinement and forced to post a bond to be set free.

3.  By their actions taken under the color of law, and as a direct and/or proximate cause thereof, Defendants, and each of them intentionally, willfully or with wanton recklessness subjected Plaintiff to the deprivation of her clearly established statutory and Constitutional rights privileges and immunities guaranteed her by the Constitution of the United States of America; including but not limited to, the right to be free from assault and battery, as guaranteed by the Fourth Amendment of the Constitution of the United States of America; and to substantive due process, to her fundamental liberty interest in personal security, and to be free from assault and battery and bodily injury, as guaranteed by the Fourteenth Amendment of the Constitution of the United States.

4.  Defendants each of them, individually and in their official capacity, are liable to Plaintiff, Melanie C. Tunstall, for damages both general and specific, and for punitive damages under 42 U.S.C. § 1983.

## IX. PRAYER FOR RELIEF – PER 42 U.S.C. § 1983 CLAIMS

**WHEREFORE**, Plaintiff Melanie C. Tunstall, demands judgment against the

Defendant Officer Hallgren, the City of Omaha, and the Unknown

Supervising Officers, jointly and severally, for compensatory damages

including specific damages for the presently unknown amount in medical

damages and 2.0 Million dollars for the emotional distress, embarrassment,

anguish, anxiety, pain, mental suffering, indignity, and humiliation Plaintiff

has suffered; Plaintiff further demands judgment against each of the

Defendants jointly and severally for punitive damages in amounts to be

proven at trial.  Plaintiff further demands judgment against each of said

Defendants, jointly and severally, for reasonable attorney fees and costs

pursuant to 42 U.S.C. § 1988 and for such other relief as the Court deems

just and equitable.

## X. SIXTH CAUSE OF ACTION – ASSUALT & BATTERY
## POLITICAL TORT CLAIMS ACT
## NEB. REV. STAT. § 13-901 ET SEQ.

1.  Plaintiff restates and realleges the allegations contained in sections I-III and
    hereby incorporates them as though fully set forth herein.

2.   The violence inflicted upon the Plaintiff by Defendant Hallgren amounted to
    an assault and battery of Plaintiff's person.

14

3. The force displayed and the verbal and non-verbal threats of force engaged by Defendant Hallgren were wrongful and made in a menacing manner and with the present apparent ability to inflict bodily injury upon Plaintiff.

4. At all times relevant to the allegations contained herein, Defendant Hallgren was acting in the course and within the scope of his duties as an employee of the City of Omaha and the Omaha Police Department.

5. Plaintiff did not consent to the injury inflicted by the Defendant Hallgren.

6. Defendants, and each of them, in their official capacity, are liable to Plaintiff, Melanie C. Tunstall, for redress and compensation for said injuries caused by their threats, violence against her person, assault and battery against her person, and use of force, including damages both general and specific to be proven at trial and including medical expenses and bills as heretofore alleged per Neb. Rev. Stat. § 13-901 et seq.

7. Defendants each of them, individually and in their official capacity, are liable to Plaintiff, Melanie C. Tunstall, for damages both general and specific, and for punitive damages under Neb. Rev. Stat. § 13-901 et seq.

## XI. SEVENTH CAUSE OF ACTION – EXCESSIVE FORCE POLITICAL TORT CLAIMS ACT NEB. REV. STAT. § 13-901 ET SEQ.

1. Plaintiff restates and realleges the allegations contained in sections I-III and hereby incorporates them as though fully set forth herein.

2. The force inflicted upon the Plaintiff by Defendant Hallgren was excessive, unreasonable, and beyond that reasonably necessary to effectuate a legitimate police action.

15

3. As a direct and proximate result of the above-described illegal actions of Defendant Hallgren including his unjustified and excessive and unnecessary use of force, Plaintiff sustained severe physical injury, causing Plaintiff great pain of body and anguish of mind, incurred substantial medical and other expenses, and was prevented from transacting her usual business.

4. By their actions taken under the color of law, and as a direct and/or proximate cause thereof, Defendants, and each of them intentionally, willfully or with wanton recklessness subjected Plaintiff to the deprivation of her clearly established statutory and Constitutional rights privileges and immunities guaranteed her by the Constitution of the United States of America and State of Nebraska; including but not limited to, the right to be free from assault and battery, as guaranteed by the Fourth Amendment of the Constitution of the United States of America; and to substantive due process, to her fundamental liberty interest in personal security, and to be free from assault and battery and bodily injury, as guaranteed by the Fourteenth Amendment of the Constitution of the United States.

5. Defendants, and each of them, in their official capacity, are liable to Plaintiff, Melanie C. Tunstall, for redress and compensation for said injuries caused by their threats, violence against her person, assault and battery against her person, and use of force, including damages both general and specific to be proven at trial and including medical expenses and bills as heretofore alleged per Neb. Rev. Stat. § 13-901 et seq.

6. Defendants each of them, individually and in their official capacity, are liable to Plaintiff, Melanie C. Tunstall, for damages both general and specific, and for punitive damages under Neb. Rev. Stat. § 13-901 et seq.

## XII.   SEVENTH CAUSE OF ACTION
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## POLITICAL TORT CLAIMS ACT
## NEB. REV. STAT. § 13-901 ET SEQ.

1.  Plaintiff restates and realleges the allegations contained in sections I-III and hereby incorporates them as though fully set forth herein.

2.  The force, verbal abuse and unconscionable conduct inflicted upon the Plaintiff, on Christmas Eve of all times, by Defendant Hallgren was that of which a reasonable person would have believed would cause emotional distress.

3.  Under the totality of the circumstances, specifically the fact that the incident was spurned by a parking ticket, the fact that the Plaintiff's child was present and visible to Defendant Hallgren as he approached and beat the child's his mother, the fact that it was around 5:00 P.M. on Christmas Eve, the fact that the officer had time to determine how he could handle the situation and was not required to make a quick decision or a knee jerk decision to be aggressive or use force, a reasonable person should find that the Defendant Hallgren's behavior was unnecessary and was conducted with the intent of causing harm to the Plaintiff.

4.  As a direct and proximate result of the above-described illegal actions of Defendant Hallgren including his unjustified and excessive and unnecessary use of force, Plaintiff sustained severe emotional distress and physical injury,

17

causing Plaintiff great pain of body and anguish of mind, incurred substantial medical and other expenses, and was prevented from transacting her usual business.

5.  By their actions taken under the color of law, and as a direct and/or proximate cause thereof, Defendants, and each of them intentionally, willfully or with wanton recklessness subjected Plaintiff to the deprivation of her clearly established statutory and Constitutional rights privileges and immunities guaranteed her by the Constitution of the United States of America and State of Nebraska; including but not limited to, the right to be free from assault and battery, as guaranteed by the Fourth Amendment of the Constitution of the United States of America; and to substantive due process, to her fundamental liberty interest in personal security, and to be free from assault and battery and bodily injury, as guaranteed by the Fourteenth Amendment of the Constitution of the United States.

6.  Defendants, and each of them, in their official capacity, are liable to Plaintiff, Melanie C. Tunstall, for redress and compensation for said injuries caused by their intentional infliction of emotional distress, threats, violence against her person, assault and battery against her person, and use of force, including damages both general and specific to be proven at trial and including medical expenses and bills as heretofore alleged per Neb. Rev. Stat. § 13-901 et seq.

7.  Defendants each of them, individually and in their official capacity, are liable to Plaintiff, Melanie C. Tunstall, for damages both general and specific, and for punitive damages under Neb. Rev. Stat. § 13-901 et seq.

## XIII.  PRAYER FOR RELIEF – PER NEB. REV. STAT.  § 13-901 ET SEQ.

**WHEREFORE**, Plaintiff Melanie C. Tunstall, demands judgment

against the Defendant Officer Hallgren, the City of Omaha, and the Unknown

Supervising Officers, jointly and severally, for compensatory damages

including specific damages for the presently unknown amount in medical

damages and 2.0 Million dollars for the emotional distress, embarrassment,

anguish, anxiety, pain, mental suffering, indignity, and humiliation Plaintiff

has suffered; Plaintiff further demands judgment against each of the

Defendants jointly and severally for punitive damages in amounts to be

proven at trial.  Plaintiff further demands judgment against each of said

Defendants, jointly and severally, for reasonable attorney fees and costs

pursuant to Neb. Rev. Stat.  § 13-901 et seq.  and for such other relief as the

Court deems just and equitable.

**MELANIE C. TUNSTALL, Plaintiff**

BY:

Joseph L. Howard, NSBN 22742
GALLUP & SCHAEFER
1001 Farnam Street, Suite 300
Omaha, NE 68102
(402) 341-0700
Jhoward@gallupschaefer.com
Attorney for the Plaintiff

19

## DEMAND FOR JURY TRIAL

Pursuant to the Rule 38 of the Federal Rules of Civil Procedure, Plaintiff

hereby demands trial by jury of all issues triable of right by a jury by the

Seventh Amendment of the United States Constitution or any applicable

statute.

MELANIE C. TUNSTALL, Plaintiff

BY:

Joseph L. Howard, NSBN 22742
GALLUP & SCHAEFER
1001 Farnam Street, Suite 300
Omaha, NE 68102
(402) 341-0700
Jhoward@gallupschaefer.com
Attorney for the Plaintiff

# EXHIBIT A

J. WILLIAM GALLUP
JAMES E. SCHAEFER
JAMES E. RIHA
JON LANCE JABENIS
GLENN A. SHAPIRO
J. MICHAEL MORIARTY
JASON E. TROIA
MICHAEL P. MECKNA
JOSEPH L. HOWARD

# Gallup & Schaefer

Attorneys & Counselors of Law
1001 Farnam Street
Third Floor
Omaha, Nebraska 68102-1817

Telephone
(402) 341-0700
Facsimile
(402) 341-3380
Toll Free
(800) 878-2007
Website and e-mail
www.gallupschaefer.com

March 1, 2005

Douglas County Clerk
H08 Civic Center
1819 Farnam Street
Omaha, NE 68102

· VIA CERTIFIED MAIL

## NOTICE UNDER THE POLITICAL SUBDIVISIONS TORT CLAIMS ACT

NOTICE is herby given, pursuant to Neb. Rev. Stat. § 13-901 et seq., of claim under the
Political Subdivisions Tort Claims Act, as follows:

| | | |
|---|---|---|
| CLAIMANT | : | Melanie C. Tunstall |
| DATE OF OCCURRENCE | : | December 24, 2004 |
| LOCATION OF OCCURRENCE | : | 3217 California Street<br>Omaha, Nebraska |
| DESCRIPTION OF CLAIM | : | |

Claimant Melanie C. Tunstall was the victim of an assault and battery, excessive
use of force, and negligent and/or intentional infliction of emotional distress by Omaha
Police Officer Hallgren, whose Police badge number is 1765.

On December 24, 2004, Police Officer Hallgren responded to a call at 3217
California Street, Omaha, Nebraska for a motor vehicle parked in a handicapped-parking
zone. Officer Hallgren ticketed the vehicle. After ticketing the vehicle Officer Hallgren
and the Claimant met and conversed. Claimant left the conversation and went back inside
the house to obtain her car keys. Shortly thereafter, Claimant exited the front door to find
Officer Hallgren at the bottom of the front porch stairs.

Officer Hallgren reached up the front porch stairs, grabbed Claimant, and violently
pulled her down the stairs causing her to fall. Officer Hallgren's unnecessary and
excessive force fractured the Claimant's ankle. Once he had Claimant on the ground, in
front of the house, Officer Hallgren proceeded to kick, punch, apply pressure, yell, curse,
and mace Claimant. Claimant, a graduate of Bellevue University with a degree in Criminal

Justice, asserted her Constitutional Rights and urged witnesses to call the Police. In response, Officer Hallgren intensified his hostility. Claimant's young son as well as numerous witnesses watched this severe beating. Arrested, Claimant was transported in an ambulance directly to Creighton University Hospital. Adding further insult, Claimant received a litany of criminal charges, all of which were dismissed by the City of Omaha prosecuting attorney on February 15, 2005, except the one for which Claimant took full responsibility - parking in a handicapped zone. As a result of this horrific event, Claimant suffered emotional and economic damages in an amount which is presently undetermined, and has and continues to undergo treatment by medical care providers, for injuries, the extent of which are presently undetermined.

DATED this 1st day of March 2005 .

MELANIE C. TUNSTALL, Claimant

By_____

Joseph L. Howard, Her Attorney

COPY



**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Douglas County Clerk
H08 Civic Center
1819 Farnam ST.
Omaha, NE 68102

**COMPLETE THIS SECTION ON DELIVERY**

A. Received by (Please Print Clearly)    B. Date of Delivery
Cara R. Cobb                              3-3-05

C. Signature
X                                         ☑ Agent
                                          ☐ Addressee

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
☑ Certified Mail        ☐ Express Mail
☐ Registered            ☐ Return Receipt for Merchandise
☐ Insured Mail          ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)        ☐ Yes

2. Article Number
(Transfer from service label)

7003 2260 0002 2365 5988

PS Form 3811, March 2001     Domestic Return Receipt     102595-01-M-1424

---

**U.S. Postal Service**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com

**OFFICIAL USE**

| | |
|---|---|
| Postage | $ 37 |
| Certified Fee | 2.30 |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | 1.75 |
| Total Postage & Fees | $ 4.42 |

Postmark Here  3/1/05

Sent To  Douglas County Clerk
Street, Apt. No.; or PO Box No.  1819 Farnam ST
City, State, ZIP+4  Omaha NE 68102

PS Form 3800, June 2002          See Reverse for Instructions

7003 2260 0002 2365 5988

# **EXHIBIT B**

## Gallup & Schaefer
Attorneys & Counselors of Law
1001 Farnam Street
Third Floor
Omaha, Nebraska 68102-1817

J. William Gallup
James E. Schaefer
James E. Riha
Jon Lance Jabenis
Glenn A. Shapiro
J. Michael Moriarty
Jason E. Troia
Michael P. Meckna
Joseph L. Howard
Jill A. Daley

Telephone
(402) 341-0700
Facsimile
(402) 341-3380
Toll Free
(800) 878-2007
Website and e-mail
www.gallupschaefer.com

December 23, 2005

Douglas County Clerk
H08 Civic Center
1819 Farnam Street
Omaha, NE 68102

VIA CERTIFIED MAIL

## NOTICE UNDER THE POLITICAL SUBDIVISIONS TORT CLAIMS ACT

| | | |
|---|---|---|
| CLAIMANT | : | Melanie C. Tunstall |
| DATE OF OCCURRENCE | : | December 24, 2004 |
| LOCATION OF OCCURRENCE | : | 3217 California Street<br>Omaha, Nebraska |

I previously forwarded to you a letter with reference to the claim of Melanie C. Tunstall. It appears that on March 3, 2005, you received that claim letter and processed it on to the City of Omaha Law Department.

This letter is to notify you that six months plus have now elapsed and the City of Omaha, through the Law Department, has made no good effort at all to resolve this issue. Accordingly, effective today, the above claim is hereby withdrawn.

DATED this 23rd day of December 2005.

MELANIE C. TUNSTALL, Claimant

By:
Joseph L. Howard, Her Attorney