IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

```
MELANIE C. TUNSTALL,           )
                               )
             Plaintiff,        )          8:05CV564
                               )
        v.                     )
                               )
THE CITY OF OMAHA,             )          MEMORANDUM AND ORDER
CHRISTOPHER HALLGREN, and      )
UNKNOWN SUPERVISORY POLICE     )
OFFICERS,                      )
                               )
             Defendants.       )
_____)
```

This matter is before the Court on defendants' motion to dismiss state tort allegations, strike demands for punitive damages and strike redundant and immaterial allegations (Filing No. 8). Having reviewed the motion, briefs and the applicable law, the Court finds that defendants' motion should be granted in part and denied in part.

**Redundant Claims**

Plaintiff asserts five causes of action under 42 U.S.C. § 1983 arising from her allegation of excessive force used in achieving a wrongful arrest. Defendants ask the Court to strike the second and third causes of action because defendants assert that these claims are redundant.

The second cause of action asserts a claim of state created danger. Defendants assert that this claim is redundant of the first and fourth causes of action which allege excessive force and failure to train respectively.

The third cause of action asserts a claim of arbitrary abuse of power.  Defendants assert that this claim is redundant of the first and fifth causes of action which allege excessive force and wrongful confinement.  Upon review of the complaint the Court finds that the second and third causes of action are not so clearly redundant as to other causes of action so as to justify the striking of these causes of action and the defendants' motion to strike the second and third causes of action will be denied.

**Claims Under Nebraska Political Subdivisions Tort Claims Act**

In her sixth, seventh and eighth[1] causes of action, plaintiff alleges tort claims for assault and battery, excessive force and intentional infliction of emotional distress (Filing No. 1).  Neb. Rev. Stat. § 13-910(7) of the Nebraska "Political Subdivisions Tort Claims Act" specifically bars "any claim arising out of assault, battery, false arrest, false imprisonment [and] malicious prosecution . . . ."  Thus, by its express terms, § 13-910(7) requires dismissal of plaintiff's sixth cause of action alleging assault and battery.

Plaintiff's excessive force claim also arises out of the same events upon which plaintiff's assault and battery claim

---

[1] Plaintiff has erroneously identified each of her two last causes of action as her "seventh" cause of action.  The second "seventh cause of action" is considered to be her eighth cause of action.

is based.  Defendants assert that this claim also should be dismissed because it arises out of the assault and battery claim. In her brief in opposition to defendants' motion to dismiss plaintiff does not dispute that § 13-910(7) bars the excessive force claim and this claim will also be dismissed.

Plaintiff does dispute that her intentional infliction of emotional distress ("IIED") claim is barred by § 13-910(7). Specifically, plaintiff asserts that the IIED claim is "due to the manner in which officer [Hallgren] handled himself in the presence of the plaintiff's child."  (Complaint, ¶ XII (sic), (3)).  Plaintiff asserts that Officer Christopher Hallgren ("Officer Hallgren") acted intentionally and that his behavior was the result of the City of Omaha's police department's failure to implement a policy or to comply with a policy to properly train, supervise and discipline its officers.  The IIED claim is not expressly barred by § 13-910(7).  Where plaintiff alleges that it arises out of conduct separate from that of the assault and battery, the Court will deny the motion to dismiss the IIED claim.

   **Punitive Damages**

Plaintiff seeks punitive damages under all of her causes of action.  Defendants ask the Court to strike the punitive damages claims as to all defendants under the state law

claims and as to the City of Omaha and Officer Hallgren in his official capacity in the claims raised under 42 U.S.C. § 1983.

Nebraska's constitution bars punitive damages. *Distinctive Printing and Packaging Co. v. Cox*, 443 N.W.2d 566, 574 (Neb. 1989)(punitive damages contravene Neb. Const. art. VII, § 5, and are thus not allowed in this jurisdiction). Thus, the claim for punitive damages will be stricken from the sole remaining tort claim alleging IIED.

Title 42, U.S.C. § 1983, does not allow punitive damages to be assessed against a municipality or against a governmental official acting in their official capacities. *City of Newport v. Fact Concerts, Inc*., 453 U.S. 247 (1981), and the demands for punitive damages are stricken as to the City of Omaha and Officer Hallgren acting in his official capacity. The demands for punitive damages are not stricken as to Officer Hallgren in his individual capacity as punitive damages are recoverable against individual wrongdoers. *Newport*, 453 U.S. at 269. Accordingly,

IT IS ORDERED:

1) Defendants' motion to strike the second and third causes of action as redundant is denied;

2) Defendants' motion to dismiss the sixth cause of action alleging assault and battery is granted and defendants'

motion to strike the corresponding claim for punitive damages under this cause of action is denied as moot;

      3)  Defendants' motion to dismiss the seventh cause of action alleging excessive force is granted and defendants' motion to strike the corresponding claim for punitive damages under this cause of action is denied as moot;

      4)  Defendants' motion to dismiss the eighth cause of action alleging intentional infliction of emotional distress is denied;

      5)  Defendants' motion to strike the demand for punitive damages under the cause of action alleging intentional infliction of emotional distress is granted; and

      6)  Defendants' motion to strike the demands for punitive damages under the first, second, third, fourth and fifth causes of action is granted as to the City of Omaha and as to Officer Hallgren in his official capacity only.

      DATED this 23rd day of March, 2006.

                        BY THE COURT:

                        /s/ Lyle E. Strom
                        _____
                        LYLE E. STROM, Senior Judge
                        United States District Court