**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEBRASKA**

| | | |
|---|---|---|
| MELANIE C. TUNSTALL, | ) | CASE NO. 8:05CV564 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ANSWER OF THE** |
| | ) | **CITY OF OMAHA, NEBRASKA** |
| THE CITY OF OMAHA, | ) | **and** |
| CHRISTOPHER HALLGREN, | ) | **DEMAND FOR JURY TRIAL** |
| UNKNOWN SUPERVISORY | ) | |
| POLICE OFFICERS, | ) | |
| | ) | |
| Defendants. | ) | |

COMES NOW the CITY OF OMAHA, Defendant, and in response to Plaintiff's Complaint states and alleges as follows:

1. Admits paragraphs 1, 2, and 3 of Section I of Plaintiff's Complaint, except that portion of paragraph 3 that alleges Christopher Hallgren holds "badge number 1765" and states that number is Christopher Hallgren's employee serial number.

2. Admits paragraphs 1, 2, and 3 of Section II of Plaintiff's Complaint.

3. Admits paragraphs 1, 2, 3, and 4 of Section III of Plaintiff's Complaint except those portions alleging the premises known as 3217 California Street was a "residence". Defendant does not have sufficient facts to admit or deny the allegation regarding the use of the premises.

4. Admit those portions of paragraphs 5, 6, 7, 8, 9, and 10 of Section III of Plaintiff's Complaint that allege that on December 24, 2004, at or about the time that Christopher Hallgren issued a parking ticket to Melanie Hallgren, she approached Christopher Hallgren, verbally resisted receipt of the ticket, and attempted to have him cancel the ticket due to the approaching holiday; that Christopher Hallgren declined her request to cancel the parking ticket and informed her that her car

-1-

was subject to being ticketed again if it was not moved and continued to be parked in violation of the law; that Tunstall then re-entered the premises at 3217 California; and that Christopher Hallgren took a position outside the premises' door and waited for her to return. Defendant denies all remaining allegations of those paragraphs.

5. Admit those portions of paragraphs 11, 14, 16, 17, and 18 of Section III of Plaintiff's Complaint that allege that on December 24, 2004, physical contact occurred between Christopher Hallgren and Melanie Tunstall after she exited the premises; that the circumstances required Christopher Hallgren to call for assistance by other police officers; that Melanie Tunstall was subsequently transported to a hospital and received medical treatment, the extent of which and purpose of which is unknown to this Defendant; and that Melanie Tunstall was not armed with a weapon. Defendant denies all remaining allegations of those paragraphs.

6. Admits those portions of paragraphs 22 and 23 of Section III of Plaintiff's Complaint that allege that on December 24, 2004, the City of Omaha was responsible for making certain policies controlling the actions of its employees and that on that date Christopher Hallgren was acting as an employee of the City of Omaha. Defendant denies all remaining allegations of those paragraphs, including the allegations referring to Unknown Supervisory Officers.

7. Admits those portions of paragraph 29 of Section III of Plaintiff's Complaint that allege that Plaintiff has fulfilled the conditions precedent to the filing of this lawsuit that are imposed by the Nebraska Political Subdivision Tort Claims Act.

8. Denies each and every remaining allegation of Plaintiff's Complaint and demands strict proof thereof, except for those allegations that constitute admissions against the Plaintiff's interest.

## AFFIRMATIVE DEFENSES

**FOR FURTHER ANSWER**, this Defendant states and affirmatively alleges:

9. At all times mentioned in Plaintiff's Complaint Christopher Hallgren was a sworn peace officer of the State of Nebraska, acted in good faith and without malice, performed his duties with the reasonable belief that his actions were authorized and in accord with existing law and authority, and he is entitled to qualified immunity from liability for such actions.

10. The direct proximate cause of any personal injuries suffered by Melanie Tunstall on December 24, 2004, was her own intentional actions over which the Defendants had no control, in the following particulars:

(a) Willfully refusing a direct and lawful order of a law enforcement officer;

(b) Engaging in a willful and intentional assault on a uniformed police officer; and

(c) Engaging in willful and intentional resistance to the lawful efforts of a police officer to restrain her and take her into custody.

15. The allegations against the Defendants in Section VIII of Plaintiff's Complaint are barred by the favorable termination requirement of *Heck v. Humphrey*, 512 U.S. 477 (1994) in that a judgment in Plaintiff's favor on the claim that arrest and confinement was unjustified and illegal would necessarily imply the invalidity of her conviction or sentence by the County Court of Douglas County.

16. Plaintiff was contributorily negligent in her actions to a degree that bars recovery pursuant to Neb. Rev. Stat. § 25-21,185.09 (Reiss. 1995) on the allegations of Section XII of Plaintiff's Complaint.

17. Plaintiff assumed the risk of injury by her own actions when she disregarded and resisted the lawful orders of a law enforcement officer.

18. Plaintiff's allegations against this Defendant asserting intentional infliction of emotional distress (Section XII) are barred by the provisions of Neb. Rev. Stat. § 13-910(7) (2004 Cum. Supp.).

WHEREFORE, having fully answered, this Defendant prays that Plaintiff's Complaint be dismissed, the Defendants be awarded costs and attorney fees incurred in the defense of this matter, and for such other and further relief as the court deems just.

## DEMAND FOR JURY TRIAL

Defendant demands a jury trial in Omaha, Nebraska, on Plaintiff's claims brought under 42 U.S.C. § 1983. All other claims must be tried to the court pursuant to Neb. Rev. Stat. § 13-907 (Reiss. 1997).

Dated this 6th day of April, 2006.

THE CITY OF OMAHA, Defendant

s/Thomas O. Mumgaard
By_____
THOMAS O. MUMGAARD, No. 16004
Deputy City Attorney
Attorney for Defendants
804 Omaha/Douglas Civic Center
1819 Farnam Street
Omaha, NE 68183
Ph.: (402) 444-5137
Fax: (402) 444-5125
E-mail: tmumgaard@ci.omaha.ne.us

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on April 6, 2006, I electronically filed the foregoing **ANSWER OF THE CITY OF OMAHA** using the CM/ECF system which sent notification of such filing to Joseph L. Howard, GALLUP & SCHAEFER, 1001 Farnam Street, Suite 300, Omaha, NE 68102, Jhoward@gallupschaefer.com, attorney for Plaintiff.

                                          s/Thomas O. Mumgaard
                                        _____